**Forensic Data Services, Inc.**
**3325 South University Drive, Ste. 206**
**Davie, Florida 33328-2020**
**(954) 727 - 1957**
Rmoody@fds.global

**July 31, 2024**

GABRIEL A. LEVY, ESQ
1129 Northern Blvd, Suite 404
Manhasset, NY 11030

Re: https://twtaudio.com/ Website Report

Dear Counsel

As requested, I have reviewed the documents produced by your office.

Additionally, I have analyzed the Defendant's website and examined the plaintiff's claims. In doing so, FDS performed a manual review of the website and used automated and AI tools that evaluated the Defendant's website for logic and code issues and barriers.

Please find my observations and opinions below:

The defendant's website is https://twtaudio.com/ and was evaluated on July 31, 2024.

The website is supported/managed by the accessibility widget Accessibility by TWT Audio.

Plaintiff's visit to Defendant's website was unsuccessful due to issues with the website design and logic, thus preventing a blind or low-sighted person from navigating the website.

Specifically, the Defendant's website did not correctly provide:

- Landmarks were not properly inserted into the home page. The Plaintiff tried to navigate the home page using landmarks but could not access its main regions because of inaccurate landmark markup.
- Multiple heading level 1 tags per page confused the outline of content. While HTML permits multiple "h1" tags, it is not beneficial for screen reader users. The Plaintiff, using keyboard shortcuts, struggled to identify the main section due to repetitive h1 tags.

- Heading hierarchy was not properly defined, and there were missing heading levels. As a result, quick navigation through headings on the website did not help the Plaintiff effectively find the content and understand the logical structure of the home page.

In the Forensic Data Services (FDS) approach, claims made by Plaintiff are examined as to their reasonableness and whether or not they existed with the website at the time of the visit(s). In this present case, these issues did exist.

Next, the website is examined manually for issues ranging from evaluating " keyboard-only access" to image analysis.

Lastly, the website is evaluated using an automated tool, "Axe Pro," provided by the ADA software provider Deque.com. This tool is the Gold Standard and provides an integrated approach for evaluating websites, including usability evaluation, automated testing of website elements and code, and "guided" or "manual" elements.

Through this three-step approach, readers of this report can understand what the Plaintiff experienced during their visit, whether or not the website had issues that were roadblocks for disabled users, and any code or logic design issues that may have existed as well.

FDS' approach also provides an easy scorecard for interpreting the issue or barrier and understanding how the problem would affect a disabled user. The scorecard provides a rating based on six categories and defines the impact on the disabled user.

FDS's current test of the Defendant's website did identify (168) different issues. These issues included:

- Elements must meet minimum color contrast ratio thresholds
- Elements must have their visible text as part of their accessible name
- Heading levels should only increase by one
- All page content should be contained by landmarks
- <video> elements must have captions
- Hidden or empty element receives focus
- Control text lacks 4.5:1 contrast ratio on hover or focus
- Function cannot be performed by keyboard alone

- Text should not be marked as a heading
- The decorative image is not hidden from screen readers
- aria-hidden="true" is used incorrectly
- Role: The element's role is missing or incorrect
- Text alternative is missing

The Scorecard for this round of testing shows the following:

| Critical | Serious | Moderate | Minor | Color Contrast | Other |
|---|---|---|---|---|---|
| 15 | 27 | 23 | 0 | 31 | 72 |

To better understand the categories provided above, the following descriptions are provided:

a. **Critical -** This issue results in blocked content for people with disabilities and will partially prevent them from accessing fundamental features or content. This type of issue puts your organization at risk.

b. **Serious—**This issue results in barriers for people with disabilities and partially prevents them from accessing fundamental features or content. As a result, people relying on assistive technologies will experience significant frustration.

c. **Moderate -** This issue creates barriers for people with disabilities but will prevent them from accessing fundamental features or content.

**d.** **Color Contrast—**This issue results from an organization not ensuring a proper ratio between the foreground and background of text and pictures. The correct ratio must be 4.5:1 for standard text and 3:1 for large text. Failure to meet this standard creates barriers for disabled users, especially visually impaired users.

**e.** **Other—**This issue identifies issues based on what has been determined as a best practice. When taken into account along with items a. through d., a minor problem could be elevated to a critical or severe barrier.

The issues listed above and referenced by the automated testing (168 issues) identify barriers that would prevent a disabled person from using and enjoying the Defendant's website. A more detailed report of the problems is attached as **Exhibit 1**.

To conclude, taking into account the issues presented by the Plaintiff, my testing of these items at or around the time of the Plaintiff's visit, the independent visual review of the website, and the automated testing of the current website, it is my expert opinion and with a high degree of scientific certainty that the website https://twtaudio.com/ has defects.

These barriers continue to create problems for visually disabled persons, such as the Plaintiff, and these defects act as a barrier to the effective use and enjoyment of the site for persons with low to no vision.

Accordingly, I reserve the right to update, alter, change, delete, and supplement this declaration in the alternative file if provided with additional relevant material.

Respectfully,

Robert D Moody

Robert D Moody
Rmoody@fds.global